## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Peter A. Stinson

v.

Joseph G. Nemie, Sr., et al.

January 10, 1996

Case No. (Law) 95-1191

BY JUDGE VON L. PIERSALL, JR.

The Defendant has filed his Demurrer to the Plaintiff's amended Motion for Judgment alleging a cause of action based on Defendant's violation of the Virginia Fair Housing Law, § 36-96.1 et seq.

I believe the questions properly raised by the Defendant's Demurrer involve the Plaintiff's standing to bring such an action and whether or not the Motion for Judgment alleges sufficient facts to sustain such an action.

In ruling on this Demurrer, the court accepts as true all material facts properly pleaded in the amended motion which are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged.

The Plaintiffs are white and leased an apartment from the Defendants at 430 South Street in Portsmouth, Virginia. It appears from the pleading that they are not victims of unlawful discriminatory housing practices as enumerated in § 36-96.3 of the Code of Virginia, 1950, as amended; however, they may be "aggrieved persons" as defined in § 36-96.1 of the Code of Virginia, 1950, as amended, and thus entitled to sue as provided for in § 36-96.18 of the Code of Virginia, 1950, as amended.

Counsel cited both federal and state cases. A careful reading of these indicates that it is sufficient if the Plaintiff suffered actual or threatened injury as a result of Defendant's conduct which violates the Virginia Fair Housing Law. "The central issue . . . is not who possesses the legal rights . . . but whether the Plaintiffs were genuinely injured by the conduct that

violates someone's . . . rights." *Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 103, note (1979). The cases also note that benefits of interracial association and, further, that non-economic injuries may suffice to provide standing.

These cases point out also that there may be injury to tenants by exclusion of minority persons and the resulting loss of benefits from interracial association. *Trafficante v. Metropolitan Life Ins. Co.,* 409 U.S. 205 (1972); *Walker v. Fox,* 395 F. Supp. 1303 (S.D. Ohio 1975); *Herron v. Blackwell,* 908 F.2d 864 (11th Cir. 1990).

The allegations in a Motion for Judgment must be statements of fact, rather than conclusion of law. The Plaintiff's statement in paragraph 9 that they are "aggrieved persons" without more is a conclusion of law. However, the Plaintiffs allege in paragraph 8 that they are injured by the fact that the Defendants discriminated against persons of African-American race and, making the necessary inferences, that they were forced by the Defendants to terminate their lease because of their child's playing with people of such race.

A Motion for Judgment is said to be sufficient if it informs the Defendant of the true nature, though not the particulars, of Plaintiff's claim. Such particulars may be supplied by a Bill of Particulars to further inform the Defendant in more detail of Plaintiff's claim. It is interesting to note here that Plaintiffs, in their letter and Memoranda to the Court dated November 16, 1995, set out more factual data than they included in either of their motions. Unfortunately, the Court cannot consider those matters in its ruling today.

Keeping in mind the Virginia Supreme Court's admonition against incorrectly short-circuiting litigation pretrial, I am of the opinion that the Plaintiff has standing to sue and that the Motion for Judgment contains sufficient allegations to withstand the Demurrer, and therefore, it is overruled.